■ ROBERT H. COWING, III, Respondent, et al., Plaintiff, v KENMORE NEW COVENANT TABERNACLE OF TONAWANDA, Defendant, and PAUL REID, Appellant. [796 NYS2d 279]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered October 5, 2004. The order, among other things, denied that part of the motion of defendant Paul Reid seeking dismissal of the action against him for failure to serve a timely complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied the motion of Paul Reid (defendant) seeking, inter alia, dismissal of the action against him based on plaintiffs' failure to serve a timely complaint in response to his demand therefor pursuant to CPLR 3012 (b). "To avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a meritorious cause of action" (*Chmielnik v Rosenberg*, 269 AD2d 555, 555 [2000]). Here, plaintiffs established a reasonable excuse for the delay and a meritorious cause of action against defendant. Also contrary to defendant's contention, the court did not abuse its discretion in imposing a constructive trust on the property during the pendency of the litigation. A constructive trust may be imposed " 'whenever necessary to satisfy the demands of justice' " (*Simonds v Simonds*, 45 NY2d 233, 241 [1978]). Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Smith, JJ.